UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SELENE FINANCE LP,**

    **Plaintiff,**

v.                                             Case No.: 8:14-CV-2781-T-17EAJ

**TAWNYA SCHIELEIT, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Tawnya Schieleit's ("Defendant's") **Affidavit of Indigency** (Dkt. 3), which the Court construes as a motion for leave to proceed in forma pauperis.[1] Defendant seeks to remove Case Number 10-CA-013560 from the Thirteenth Judicial Circuit in and for Hillsborough County, Florida[2] (Dkt. 1) without prepaying the costs of the action.[3] Defendant is a party to a mortgage foreclosure action that was filed in state court in June 2010. Defendant seeks to remove this case to federal court, contending that Plaintiff has committed multiple violations of federal law and that she was denied due process by the state court.

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation. (Dkt. 14) See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

[2] The Court has reviewed a copy of the docket of the state court action through the state court public records. See Fed. R. Evid. 201(b); Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of court documents from state eviction action). The case was originally filed by plaintiff Selene Finance LP, but plaintiff Well Fargo Bank, N.A. was substituted on December 5, 2012.

[3] Defendant previously removed the same state court action on February 13, 2014, and, after the case was administratively closed on April 28, 2014, the case was dismissed with prejudice on August 29, 2014. See Wells Fargo Bank, N.A. v. Schieleit, No. 8:14-cv-378-T-17MAP (M.D. Fla. 2014).

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

As an initial matter, Defendant's affidavit does not provide sufficient information upon which the Court can determine her indigency status. Defendant states that she is disabled and was formerly employed as a school bus driver. She contributes $800.00 per month to support three dependents, her children. She states she owes approximately $250,000.00 on a single family residence valued at approximately $100,000.00. However, Defendant states she has no bank account, and she lists no sources of income, including where she gets $800.00 per month to support her children.

Notwithstanding the deficiencies in the affidavit of indigency, Defendant's motion should be denied because the notice of removal does not comply with the applicable rules and review of the state court docket indicates that removal is inappropriate because judgment has been entered in this case. Although Defendant is proceeding pro se, Defendant is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989).

Along with the notice of removal, Defendant has included a memorandum of law (Dkt. 1 at

4) and a cross-action brief (Dkt. 1 at 8).[4] Plaintiff has also filed a copy of the complaint. However, 28 U.S.C. § 1446(a) requires a removing defendant to file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Defendant has not filed any other pleading or orders from the underlying action. This requirement is expanded in Local Rule 4.02(b), M.D. Fla., which provides: "The party effecting removal shall file with the notice of removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the state court."

Further, a review of the state court docket shows that a final judgment of foreclosure was entered on February 28, 2013. Final judgment against Defendant entered by the state court precludes this Court's jurisdiction pursuant to the Rooker-Feldman doctrine.[5] See Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (A federal district court cannot review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). As best the Court can determine from Defendant's pleadings and review of the state court docket, Defendant seeks relief from her home being sold as a result of a foreclosure sale. This Court is without jurisdiction to provide such relief because final judgment was entered by the state court.

---

[4] These filings are similar to filings Defendant filed in her previous attempt at removal.

[5] The Rooker-Feldman doctrine provides that no federal court besides the United States Supreme Court may conduct appellate review of a state court decision unless Congress specifically permits the federal court to do so. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)   Defendant's motion to proceed in forma pauperis (Dkt. 3) be **DENIED**; and

(2)   this matter be remanded to state court.

**Date: December 12th, 2014**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:

Pro Se Plaintiff

District Judge